### No. 231

No. 19161—Joseph T. Tracy, Auditor of the State of Ohio v. The Village of Deer Park. Error to the Court of Appeals of Hamilton County.

1103. STATE OFFICERS—Section 276 GC. held unconstitutional and invalid.

ROBINSON, J.

The provision of Section 276, General Code (109 O. L., 98,) "State examiners shall receive the same compensation as is paid the auditor of the county in which the examination is held, said compensation to be reduced to a per diem basis by dividing the annual compensation of said county auditor by three hundred," violates the requirement of Section 26, Article II, of the Constitution of Ohio, and is for that reason invalid.

Judgment affirmed.

Marshall, CJ., Jones, Matthias, Day and Kinkade, JJ., concur.

### No. 232

No. 19340—Edward P. Zipf v. Mary E. Delgarn. Error to the Court of Appeals of Franklin county.

480. EVIDENCE—Expert testimony of civil engineer as to adjacent lot line, not made incompetent by 2797 GC. providing that no re-survey by other than county surveyor shall be legal testimony.

947. PRESCRIPTION—Where successive occupants hold land continuously and adversely, such periods amounting to over 21 years, the occupations may be united so as to make possible the ripening into title by prescription the land so occupied.

DAY, J.

1. The expert testimony of civil engineers assist the court in deciding a controversy as to the location of a disputed line between adjacent lot owners, is not rendered incompetent by reason of Section 2797, General Code, providing that no re-survey by any person except a county surveyor, or his deputy, shall be considered as legal testimony.

2. Where there is privity between successive occupants such as grantor and grantee holding a strip of ground continuously and adversely, such successive periods amounting to over twenty-one years, the occupations may be united or tacked to each other to make up the time of adverse holding sufficient to ripen into a title by prescription to the land so occupied, other elements necessary to make prescription title being present. (McNeely v. Langen, 22 Ohio St., 32, approved and followed.)

Judgment affirmed.

Jones, Matthias, Allen, Kinkade and Robinson, JJ., concur.

### No. 233

No. 19335—The State ex rel, Joseph I. Mayers, vs. Stanley C. Gray, et al, as the Ohio State Board of Optometry. In Mandamus.

717. LICENSES—State Board of Optometry in revoking license for unprofessional conduct performs executive and not judicial function.

ALLEN, J.

1. Under the provisions of Section 1295-31, General Code (110 O. L. 22) the State Board of Optometry in revoking a license for grossly unprofessional conduct, is performing an executive and not a judicial function.

2. The extraordinary writ of mandamus will not issue to compel the State Board of Optometry to reinstate the license of an optometrist who has been notified of charges embodied in an affidavit, given an opportunity to make a statement and to produce witnesses in his own behalf, and has failed so to do.

Demurrer sustained.

Marshall, CJ., Day, Kinkade and Robinson, JJ., concur.

---

# THIS WEEK'S DIGEST
## Cases Published in the Abstract

Published in This and Last Week's Abstract

63. ALIBI.

Need not be proved beyond a reasonable doubt or by a preponderance of the evidence; but if jury entertains a reasonable doubt of defendant's presence at time and place of commission of crime charged, he should be given benefit of the doubt. Parott v. State. OA. 4 Abs. 172.

130. BENEFICIAL ASSOCIATION.

Denial of disability benevolence involves no determination of legal rights when laws and provisions of association set forth among other things that no member shall have any claim enforceable in law or equity against association. Railway Conductors v. Carpenter. OS. 4 Abs. 161.